**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
Case No.:

RHINNIA LEWIS,

    Plaintiff,

vs.

BEACHWALK ELITE HOTELS & RESORTS, LLC,
A Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

COMES NOW, RHINNIA LEWIS, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues defendant BEACHWALK ELITE HOTELS & RESORTS, LLC., a Florida Limited Liability Company (hereinafter, "Defendant"), a Florida Limited Liability Company and states:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), the Americans With Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA), the 42 U.S.C. §§ 12101 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA") the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

1

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in their hotel located in Hallandale Beach, Florida.

## PARTIES

5. Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is an American, Black female over the age of forty (40) and is a member of a class protected under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act because the terms, conditions, and privileges of her employment were altered because of her race, color, national origin and/or age.

7. Furthermore, Plaintiff is a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that she is a person with a disability as defined by those Acts.

8. Defendant is a Florida Limited Liability Company organized and existing in Florida with its principal place of business in New York and authorized to do business in Florida. Specifically, Plaintiff worked at Defendant's hotel located in Hallandale Beach, Florida. All facts which give rise to this complaint occurred in Hallandale Beach, Florida.

9. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII, the ADA, the ADAAA, the ADEA, and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about September 9, 2021. The actions complained of herein occurred no more than 300 days before that date and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was constructively terminated from her position on April 15, 2021. Her Charge was therefore timely filed.

12. Plaintiff was issued a Notice of Right to Sue on March 23, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

15. Plaintiff was employed by Defendant, through on or about April 15, 2021, as a reservations agent. Plaintiff was the only Black woman over the age of 40 that was employed by the Defendant in the front of the house.

16. Plaintiff has been diagnosed with significant chronic thromboembolic pulmonary hypertension and an immunodeficiency condition which are disabilities under the ADA, the ADAAA, and the FCRA. Due to these conditions Plaintiff is immunocompromised and at high risk for severe illness from COVID 19.

17. Because of LEWIS' extensive experience in the hotel and hospitality industry, Plaintiff was fully qualified for her position at the time all discriminatory events complained of herein occurred.

18. On or about April 24, 2019, Defendant underwent changes in management of the property where Plaintiff was employed. At the time, Plaintiff was performing the functions of three management positions across 2 different departments without additional compensation.

19. Several times after the transition in management, Plaintiff expressed her interest in being considered for a promotion to a manager role to the director of operations, Mr. Michael Stefanakis (White, male 30's) (hereinafter "Stefanakis").

20. Initially, Stefanakis told Plaintiff no promotions of current employees were being considered. Plaintiff requested to be considered in the future if the opportunity for a management position became available.

21. Plaintiff continued to demonstrate her abilities to handle the work of a manager in different departments and carried out duties that would be designated to managers without additional compensation.

22. On or about January 2021, in the midst of the pandemic, Stefanakis requested Plaintiff to move her desk out into the lobby area without any justification.

23. As a reasonable accommodation, Plaintiff asked Stefanakis to reconsider and requested to stay in an office on another floor limiting her contact with customers and other personnel.

24. In response, Stefanakis sent Plaintiff home without pay until her request was addressed by Human Resources.

25. After two weeks, Plaintiff was allowed to return to work. She was not given her personal office as requested but instead was designated a desk directly behind the front desk. This area was of

heavy traffic of personnel and customers and did not comply with the requested accommodations.

26. Plaintiff provided medical paperwork to support her request to go back to her personal office and complained about the Defendant's failure to accommodate her request to limit her contact with other people due to her condition.

27. Stefanakis then retaliated against Plaintiff, by admonishing her and unjustly reprimanding her in front of others, systematically excluded her from within the work environment and/or consistently treated her in a disparaging manner and excluding her from communications.

28. Stefanakis' inability to work with LEWIS made Plaintiff uncomfortable and inhibited LEWIS from doing her job in an efficient manner on many occasions.

29. Furthermore, despite being aware of her desire to grow within the company, Stefanakis failed to consider Plaintiff for promotion in at least 2 different roles. Instead, Stefanakis promoted Joana Hernandez and Vinod (LNU), 2 non-black younger employees to management positions they were not qualified for and asked Plaintiff to train and provide support to these non-black younger employees in their new role.

30. Plaintiff made multiple requests by phone and written communication to human resources and to the Comptroller Louis Maria regarding the hostile work environment, the failure to accommodate and the discriminatory treatment she was being subjected to by not being considered for management positions all to no avail.

31. Therefore, on or about April 15, 2021, Plaintiff had no choice but to resign from her position.

32. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

33. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

**COUNT I**
**FAILURE TO ACCOMMODATE IN VIOLATION**
**OF THE ADA AND ADAAA**

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

35. Plaintiff is disabled as she suffers from chronic thromboembolic pulmonary hypertension and an immunodeficiency condition, which are impairments which substantially limits one or more major life activities.

36. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation in that she has extensive experience in the hotel and hospitality industry.

37. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

38. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

39. At the relevant times, Plaintiff requested reasonable accommodations from her supervisor as described above due to high risk of being severally sick if exposed to COVID 19.

40. These requests were reasonable and would not have caused Defendant undue hardship in that Plaintiff had her personal office before and it was not necessary for her to be close to the lobby.

41. Plaintiff was sent home without pay for two weeks pending Human Resources processing of the request.

42. As a result of Defendant's action, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

43. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying his request(s).

**WHEREFORE,** Plaintiff requests judgment against Defendant as follow:

    A. Actual damages as a result of Defendant's discriminatory actions;

    B. Punitive damages due to Defendant's willful behavior;

    C. Compensatory damages;

    D. Injunctive relief where feasible;

    E. Attorney's fees;

    F. Costs of this action; and

    G. Any other relief this Court deems proper.

## COUNT II
## VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

44. Plaintiff incorporates herein the allegations contained in paragraphs 1–33, inclusive, as though same were fully re-written, and says:

45. Plaintiff requested a reasonable accommodation in February 2021 after being informed that her work area needed to change. These requests were made to her supervisor Stefanakis who knew of Plaintiff's medical conditions.

46. Specifically, in February 2021, Plaintiff requested to stay in her personal office, where exposure to clients and personnel, would be substantially limited.

47. As a direct result of LEWIS' request for a reasonable accommodation, Plaintiff was sent home without pay for two weeks, not considered for promotions and ultimately forced to resign.

48. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Stefanakis and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

49. Defendant's stated reason(s) for the adverse employment action against Plaintiff if any are pretextual.

   **WHEREFORE**, Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

   B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33, of this complaint as if set out in full herein.

51. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

52. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

53. Specifically, Plaintiff alleges that Defendant wrongfully denied her reasonable requests for an accommodation.

54. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Defendant's failure to promote and Plaintiff's constructive termination, as set forth above, was the direct and proximate result of Plaintiff's request for reasonable accommodations.

55. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

56. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

57. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the

form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

58. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33, of this complaint as if set out in full herein.

60. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

61. Defendant knew of Plaintiff's disability and her requests as Plaintiff made this request to Stefanakis who was a supervisor of Defendant.

62. Plaintiff requested a reasonable accommodation in February 2021 after being informed that her work area needed to change. These requests were made to her supervisor Stefanakis who knew of Plaintiff's medical conditions.

63. Specifically, in February 2021, Plaintiff requested to stay in her personal office, where exposure to clients and personnel, would be substantially limited.

64. As a direct result of LEWIS' request for a reasonable accommodation, Plaintiff was sent home without pay for two weeks, not considered for promotions and ultimately forced to resign.

65. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

66. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

67. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Stefanakis and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

68. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

69. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodations, were a motivating factor in the decision for the adverse employment action(s).

70. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## COUNT V
## VIOLATIONS OF THE ADEA
## (AGE DISCRIMINATION)

71. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33, of this complaint as if set out in full herein.

72. Plaintiff is a member of a protected class under the ADEA, to wit Plaintiff is over forty (40) years of age.

73. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

74. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

75. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

76. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

77. Defendant retained employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

78. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been passed over for opportunities of growth, including promotions that she was qualified for, and raises.

79. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

80. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

81. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

> **WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:
>
> A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;
>
> B. Enter a judgment requiring that Defendant pay prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;
>
> C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to statute; and
>
> D. A trial by jury; and
>
> E. Any other relief this Court deems proper.

## COUNT VI
## VIOLATIONS OF FLORIDA CIVIL RIGHTS ACT
## (AGE DISCRIMINATION)

82. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33, of this complaint as if set out in full herein.

83. Plaintiff brings this action under the "FCRA", §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her age.

84. Defendant, by and through its supervisor, by the conduct describe above, has engaged in discrimination against Plaintiff because of Plaintiff's age.

85. Defendant's supervisors acted with intentional disregard for Plaintiff's rights under the FCRA.

86. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff been passed over for opportunities of growth, including promotions that she was qualified for, and raises was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff.

87. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to.

88. At all times material hereto, the employees exhibiting discriminatory conduct toward Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

89. Specifically, Stefanakis at all times material times, acted on behalf of Defendant and acted within the scope of his duties.

90. Defendant retained employees who exhibited discriminatory conduct towards Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

91. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11

92. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Stefanakis and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff requests that:

   A. The Court award punitive damages as permitted under the law;

   B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VII
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

93. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33, of this complaint as if set out in full herein.

94. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her race to wit, Black.

95. Defendant, by and through its supervisor, subjective Plaintiff to discriminatory treatment. Plaintiff was subjected to a denial of promotions and raises.

96. Defendant's supervisors acted with intentional disregard for Plaintiff's rights as a Black person under Title VII.

97. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's constructive termination from employment was directly and proximately caused by the Defendant's

unjustified discrimination against Plaintiff because of the fact that she was Black, in violation of the Act.

98. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s) she was subjected to.

99. Stefanakis as supervisor, acted on behalf of Defendant and acted within the scope of his duties.

100. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

101. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Stefanakis and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff requests that:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

    B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT VIII**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON RACE)**

67. Plaintiff re-avers and re-states paragraphs 1–33 above, as though the same were fully re-written herein, and says:

68. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on her race, Black.

69. Defendant, by and through her supervisors, denied Plaintiff promotions, raises and constructively terminated Plaintiff's employment.

70. Defendant, by and through Mr. Stefanakis, did not treat Plaintiff the same as other non-Black employees in that Ms. Lewis was not able to perform the tasks for which she was hired and was subject to discriminatory practices.

71. Even if LEWIS exhibited poor performance while she was employed, LEWIS' race (Black) was, at minimum, a motivating factor in Defendant's decision to terminate her employment.

72. Upon information and belief, LEWIS' position was filled by a person who is not Black.

73. Mr. Stefanakis at all times relevant to this action, acted on behalf of Defendant and acted within the scope of his duties.

74. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

75. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Stefanakis and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff RHINNINIA LEWIS requests that:

a. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff RHINNIA LEWIS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 15, 2022

                                                 **PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive
Suite 290
Miami FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com


By: /s/ *Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com